Steven Jay Katzman (SBN 132755)
skatzman@bienertkatzman.com
Anthony R. Bisconti (SBN 269230)
tbisconti@bienertkatzman.com
**BIENERT | KATZMAN PC**
601 W. 5th Street, Ste. 720
Los Angeles, CA 90071
Telephone (213) 528-3400
Facsimile (949) 369-3701

Joshua C. Webb (*Pro Hac Vice* application to be filed)
joshua.webb@hwhlaw.com
**HILL, WARD & HENDERSON P.A.**
101 East Kennedy Blvd., Ste. 3700
Tampa, FL 33602
Telephone (813) 221-3900
Facsimile (813) 221-2900

Attorneys for Plaintiff Raymond James & Associates, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JAMES & ASSOCIATES, INC.<br><br>    Plaintiff,<br><br>v.<br><br>TYVAK NANO-SATELLITE SYSTEMS, INC.,<br><br>    Defendant. | Case No. 8:20-cv-01648<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND UNJUST ENRICHMENT** |

Plaintiff Raymond James & Associates, Inc. ("Raymond James") files this Complaint against Defendant Tyvak Nano-Satellite Systems, Inc. ("Tyvak") and states as follows:

## PARTIES

1.     Raymond James is a Florida corporation with its principal place of business in Pinellas County, Florida.

2.     Tyvak is a Delaware corporation with its principal place of business in Orange County, California.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(1) because Raymond James and Tyvak are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Tyvak has its principal place of business in Irvine, Orange County, California.

## BACKGROUND

5.     Raymond James is an investment banking firm that regularly assists clients in raising capital.

6.     Tyvak builds and sells small satellites, and is a subsidiary of Terran Orbital Corporation ("Terran Orbital").

7.     On September 21, 2016, Tyvak's parent company, Terran Orbital, engaged Raymond James to act as the sole investment banking advisor and placement agent for Terran Orbital and its subsidiaries (including Tyvak) through the execution of a written agreement (the "Engagement Agreement").

8.     A dispute arose regarding the fees and expenses owed to Raymond James under the Engagement Agreement.

9.     Raymond James made demands for payment and information to Terran Orbital.

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND UNJUST ENRICHMENT

10.     After Terran Orbital refused to acknowledge and resolve Raymond James' demands, Raymond James initiated arbitration by filing a Demand for Arbitration against Terran Orbital with the American Arbitration Association ("AAA") on November 15, 2018.

11.     Terran Orbital filed an Answer to the Demand for Arbitration dated December 5, 2018.

12.     A panel of three arbitrators, Steven C. Bennett, Howard R. Reiss, and David C. Singer, (the "Arbitration Panel") was selected by the parties and appointed pursuant to the AAA rules and procedures.

13.     An evidentiary hearing was conducted before the Arbitration Panel on June 18, 19, and 20, 2019 in New York, New York. The Arbitration Panel subsequently closed the hearing, but temporarily re-opened the hearing for further briefing, which resulted in a short extension of time for the Arbitration Panel to issue an award.

14.     On August 16, 2019, the Arbitration Panel issued its Final Award. In the Final Award, the Arbitration Panel found that Terran Orbital breached the Engagement Agreement, and awarded Raymond James unpaid fees and expenses under the Engagement Agreement, as well as interest at the rate of 9% pursuant to N.Y. C.P.L.R. 5004 and AAA Commercial Rule 47(d) from August 2, 2018 when Terran Orbital should have paid Raymond James.

15.     The Arbitration Panel then issued a Correction to Award that altered the award total to the correct amount of $2,190,324, exclusive of AAA administrative fees, expenses, and arbitrator compensation.

16.     The Final Award also required Terran Orbital to pay the costs of arbitration, including AAA fees, expenses, and arbitrator compensation in the amount of $66,811.41.

17.     The Final Award required that Terran Orbital pay these amounts to Raymond James by September 20, 2019. The Final Award provides that post-award "[i]nterest shall accrue from September 20, 2019 at the annual rate of 9% on any portion of such amount that Claimant [Raymond James] has not received by such date."

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND UNJUST ENRICHMENT

18.    As a result of the Final Award and the Correction to Award (collectively, the "Award"), Terran Orbital was required to pay to Raymond James, by September 20, 2019, the amount of $2,257,135.40, comprised of the $2,190,324 award of damages and interest and the $66,811.41 award of arbitration expenses.

19.    Terran Orbital did not make any payment to Raymond James on or before September 20, 2019 and has not made any payment of the amounts owed to Raymond James under the Award as of the date of this Complaint.

20.    On October 4, 2019, Raymond James filed a Petition to Confirm Arbitration Award (the "Petition") with this Court and against Terran Orbital as respondent, in the case styled *Raymond James & Associates, Inc. v. Terran Orbital Corporation*, Case 8:19-cv-01916-DOC-KES.

21.    On October 18, 2019, Raymond James filed a Notice of Hearing for the Petition, setting a hearing with the Court for November 18, 2019.

22.    On January 8, 2020, the Court entered an order confirming the Award and entering judgment for Raymond James and against Terran Orbital in the amount of $2,257,135.40.

23.    On February 6, 2020, the Court entered its Judgment granting the Petition, and requiring Terran Orbital to pay Raymond James $2,257,135.40, plus interest at the daily rate of $556.55 from September 20, 2019 to February 6, 2020, plus statutory post-judgment interest (the "Judgment").

24.    On February 5 and 6, 2020, Terran Orbital filed notices of appeal. Terran Orbital did not move to stay execution of the Judgment, and to date Terran Orbital has not paid Raymond James any amount due under the Judgment.

25.    Since obtaining the Judgment, Raymond James has pursued post-judgment discovery from Terran Orbital, its subsidiaries (including Tyvak), and its investors. Despite efforts by Terran Orbital and Tyvak to obstruct and delay Raymond James' discovery efforts—including a failed motion to quash (by Tyvak) and a failed motion for a protective

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT
TRANSFERS AND UNJUST ENRICHMENT

order (by Terran Orbital)—Raymond James has obtained post-judgment discovery that confirmed what Raymond James feared would be the case.

26.     Discovery has revealed that since the time that Raymond James began to pursue its claims for payment from Terran Orbital, Terran Orbital has transferred ███████ ███████ from its bank accounts to Tyvak without the receipt of reasonably equivalent value in return, leaving Terran Orbital unable to pay its debts (including the Judgment), in a deliberate effort to delay, hinder, or defraud Raymond James as a creditor of Terran Orbital.

**THE RELATIONSHIP BETWEEN TERRAN ORBITAL AND TYVAK**

27.     ████████████████████████████████████████████ ████████████████████████████████████ But that structure does not give Terran Orbital and its related entities license to engage in gamesmanship to defraud Terran Orbital's creditors.

28.     The parent-subsidiary relationship of Terran Orbital and Tyvak is the result of ████████████████████████████████████████████ ████████████████████

29.     Since that time and shortly thereafter, Terran Orbital and Tyvak have shared the same corporate offices and have been under common control, both from Terran Orbital's board of directors and two high ranking corporate officers at each entity, Anthony Previte ("Previte") and Marco Villa ("Villa").

30.     Even the companies' bank records obtained in post-judgment discovery ██████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

4

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND UNJUST ENRICHMENT

31. The history of Previte and Villa with Terran Orbital and Tyvak runs deeper.

32.

33. During his different opportunities to testify under oath over the life of this dispute, Previte has claimed to be the President and CEO of Terran Orbital, the President, Secretary and CEO of Tyvak, a director of Terran Orbital, and the sole director of Tyvak.

34. Villa testified once at the underlying arbitration hearing, describing himself as being employed by Tyvak as its COO, and holding the positions of COO for Terran Orbital and CEO for another Terran Orbital subsidiary, Tyvak International.

35. In the course of post-judgment discovery, when asked to provide documentation and communications concerning specific transfers to Tyvak totaling ███████████ (including those at issue in this case), ████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████ Despite Raymond James seeking those documents for months after Terran Orbital represented it would produce them, neither Terran Orbital nor Tyvak has produced those documents in post-judgment discovery.

36. Tyvak subsequently conceded that there are no formalities followed between Tyvak and Terran Orbital for the transfer of funds between the two entities; specifically, no written contracts or particular use of proceeds documents exist to demonstrate the exchange

5

of value from Tyvak to Terran Orbital in return for the ███████████ that Terran Orbital has transferred to Tyvak.

37.    Instead, Tyvak and Terran Orbital claim that Terran Orbital consolidates its finances with its subsidiaries and that the value of Terran Orbital and Tyvak is effectively tethered in this manner. For example, ███████████████████████████████
████████████████████

38.    The comingling of finances between Terran Orbital and Tyvak goes well beyond a simple accounting method. ████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

39.    ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████

40.    Around the same time, Terran Orbital misrepresented to Raymond James that it did not have sufficient assets to pay the amounts owed to Raymond James under the Award and the impending Judgment.

41.    In addition, Terran Orbital has made ready use of the funds in Tyvak's bank accounts, ███████████████████████████████████████████████
█████████

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT
TRANSFERS AND UNJUST ENRICHMENT

## TERRAN ORBITAL TRANSFERS TO TYVAK

42.   Between July of 2018 and October of 2019—the time period that included Raymond James' original demands for payment through the filing of the Petition— ███ ████████████████████████████████████████████████████████████ ██████████████████

43.   Even though a pattern of transfers existed from Terran Orbital to Tyvak, neither company has supplied specific records or documentation supporting the necessity or legitimacy of the transfers or the value received by Terran Orbital in exchange for its transfer of ███████████ to Tyvak, despite Raymond James' repeated requests for this documentation in post-judgment discovery.

44.   Furthermore, and more troubling, the timing and circumstances of certain transfers from Terran Orbital to Tyvak show deliberate conduct to hinder Raymond James' ability to recover as a creditor of Terran Orbital.

45.   In August of 2018, Terran Orbital transferred $███ from its primary checking account to a newly opened savings account for Terran Orbital and maintained an account balance of more than $████ for over a year.

46.   On September 6, 2019—just a few weeks after the Award was entered against Terran Orbital and in favor of Raymond James in the arbitration—Terran Orbital transferred $██████ from its savings account to Tyvak, reducing the month-end balance in Terran Orbital's savings account to $██████

47.   On October 3, 2019, Terran Orbital transferred $██████ from its savings account to Tyvak, reducing the month-end balance in Terran Orbital's savings account to just $██████ But this transfer was even different from Terran Orbital's previous transfers to Tyvak because ████████████████████████████████ ███████████████████████████████

48.   Then, in a series of transfers on October 21 and October 30, 2019, in the weeks after Raymond James filed its Petition and initially set it for hearing (which Terran Orbital had continued), Terran Orbital effectively emptied its primary checking account with

7

transfers to Tyvak totaling over $██████, taking the account from a beginning balance of $██████ to a $██████ month-end balance.

49.     Since that time, the account balances in Terran Orbital's primary checking account and its savings account have retained relatively nominal balances, insufficient to satisfy the amounts owed to Raymond James. At the end of February 2020, the month the Judgment was entered against Terran Orbital, the combined balance in Terran Orbital's checking and savings accounts was just $██████.

50.     Notably, after Terran Orbital transferred $██████ from its savings account to Tyvak's newly opened savings account in October 2019, Tyvak has kept the average balance of the account over $██████ on a monthly basis, typically with a month-end balance more than sufficient to pay the amounts owed by Terran Orbital to Raymond James. But Tyvak has also transferred substantial sums out of its savings account, demonstrating Tyvak's dissipation of Terran Orbital's assets and the likelihood that Tyvak will continue to engage in such conduct, all to the detriment of Raymond James.

51.     Any conditions precedent to the filing of this action have occurred, been satisfied, or were waived. Raymond James has engaged the undersigned counsel to represent it in this action and is obligated to pay them reasonable fees for their services.

## FIRST CLAIM FOR RELIEF

### Actual Fraudulent Transfer

52.     Raymond James re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 51 above.

53.     From the time that Raymond James demanded payment and information from Terran Orbital, over $██████ was transferred from Terran Orbital bank accounts to Tyvak bank accounts between July of 2018 and October of 2019 (the "Tyvak Transfers").

54.     More specifically, over $██████ of the Tyvak Transfers were made after Raymond James initiated arbitration against Terran Orbital.

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND UNJUST ENRICHMENT

55. Over $██████ of the Tyvak Transfers were made after the Award was entered in favor of Raymond James and against Terran Orbital (the "Post-Award Transfers").

56. At the time Terran Orbital made the Post-Award Transfers to Tyvak, Raymond James had a right to receive payment from Terran Orbital by virtue of the Award and, subsequently, the Judgment.

57. Tyvak and Terran Orbital engaged in the Post-Award Transfers with the intent to hinder, delay, or defraud Raymond James as a creditor of Terran Orbital. Among other things:

a. Tyvak is an insider of Terran Orbital;

b. Terran Orbital retained control over the funds even after they were deposited into Tyvak's accounts;

c. The majority of the Tyvak Transfers were made after Raymond James demanded payment (and, with respect to the Post-Award Transfers, after Raymond James obtained the Award);

d. The Post-Award Transfers constituted substantially all of Terran Orbital's assets, and were made to conceal assets;

e. Terran Orbital did not receive reasonably equivalent value from Tyvak in consideration for the Post-Award Transfers;

f. As a result of the Tyvak Transfers, and specifically the Post-Award Transfers, Terran Orbital appears insolvent; and

g. Most of the Tyvak Transfers were made shortly before Terran Orbital incurred the substantial debt of the Award, and the Post-Award Transfers were made shortly after Terran Orbital incurred that debt.

58. As a result of these transfers, Raymond James has been harmed in at least the amount of the Judgment.

59.     Raymond James seeks a judgment against Tyvak for the value of any and all fraudulent transfers from Terran Orbital to Tyvak, specifically including the Post-Award Transfers, in the amount of the Judgment at the least.

60.     The Post-Award Transfers are avoidable, and should be avoided, as fraudulent pursuant to Cal. Civ. Code §§ 3439.04-.05, and may be recovered from Tyvak pursuant to Cal. Civ. Code § 3439.07.

61.     In accordance with the Judgment, Raymond James seeks to attach and execute upon the funds included in the Post-Award Transfers.

62.     Tyvak and Terran Orbital engaged in the dissipation of the assets included in the Post-Award Transfers, and unless injunctive relief is awarded to Raymond James, will continue to do so resulting in irreparable harm to Raymond James.

63.     Given the intent of Tyvak and Terran Orbital to hinder, delay, or defraud Raymond James as a creditor of Terran Orbital, the equities weigh in favor of providing injunctive relief to Raymond James.

## SECOND CLAIM FOR RELIEF

### Constructive Fraudulent Transfer

64.     Raymond James re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 51, 53 through 56, and 59 through 63 above.

65.     The Post-Award Transfers were made without the return of reasonably equivalent value to Terran Orbital. Indeed, despite the infusion and transfer of ███████ ███ in capital, Terran Orbital and Tyvak went from being ██████████████████ ████████████████████████████████████████████████.

66.     Terran Orbital, despite making the Post-Award Transfers without the receipt of reasonably equivalent value, owed over $2 million to Raymond James.

67.     The Post-Award Transfers impaired, and Terran Orbital reasonably should have believed that they would impair Terran Orbital's ability to pay Raymond James by leaving Terran Orbital with unreasonably small assets and unable to pay its debts that were due by rendering Terran Orbital insolvent.

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND UNJUST ENRICHMENT

68.     The Post-Award Transfers constituted substantially all of Terran Orbital's assets and had the effect of rendering Terran Orbital insolvent.

### THIRD CLAIM FOR RELIEF

### Unjust Enrichment

69.     Raymond James re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 51, 54 through 63, and 65 through 68 above.

70.     Tyvak's retention of the Post-Award Transfers from Terran Orbital comes at the expense of Raymond James, who has not received any funds from Terran Orbital in satisfaction of the Judgment, and therefore Tyvak has unjustly retained a benefit at Raymond James' expense.

71.     Allowing Tyvak to benefit from shielding the Post-Award Transfers from Raymond James' efforts to collect the amounts Terran Orbital owes under the Judgment is clearly inequitable.

72.     As a proximate result of the wrongful retention of Terran Orbital's funds by Tyvak, Tyvak has been unjustly enriched.

73.     Accordingly, Raymond James seeks an order holding that the Post-Award Transfers may be reached by Raymond James to satisfy the outstanding Judgment against Terran Orbital because of Terran Orbital and Tyvak's fraudulent acts.

74.     This conduct has injured Raymond James in amount to be determined at trial, but no less than the amount of the Judgment.

### PRAYER

**WHEREFORE**, Raymond James prays for judgment against Tyvak as follows:

1.     Awarding Raymond James at least the Judgment amount of $2,257,135.40.

2.     For avoidance and recovery of the Post-Award Transfers under California Civil Code §§ 3439 *et seq.*

3.     For damages in the sum to be determined at trial.

4.     For attachment in an amount up to the amount of the Judgment.

5.     For injunctive relief as specified.

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT
TRANSFERS AND UNJUST ENRICHMENT

6.      For restitution up to the amount of the Judgment.

7.      For recoverable attorney fees.

8.      For interest at the legal rate.

9.      For Raymond James' costs of suit incurred.

10.     For such other and further relief as the Court deems equitable, just and proper.

Dated:  August 31, 2020                    BIENERT | KATZMAN PC
                                           By: /s/ Anthony R. Bisconti
                                               Steven Jay Katzman
                                               Anthony R. Bisconti
                                               Attorneys for Plaintiff
                                               Raymond James & Associates, Inc.

                                           HILL, WARD & HENDERSON, P.A.
                                               Joshua C. Webb

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT
TRANSFERS AND UNJUST ENRICHMENT